# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| FERNANDO FERNANDEZ, | : | CRIMINAL NO. |
| Reg. # 56482-019, | : | 1:04-CR-0648-ODE-GGB-1 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:11-CV-1618-ODE-GGB |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|     Respondent. | : | 28 U.S.C. § 2255 |

## **FINAL REPORT AND RECOMMENDATION**

Movant, Fernando Fernandez, has filed a motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 165]. Presently before me for consideration are: Movant's § 2255 motion to vacate [Doc. 165]; the United States of America's (hereinafter "Government's") response to the motion to vacate [Doc. 169]; and Movant's reply [Doc. 170]. For the reasons discussed below, I recommend that Movant's § 2255 motion be denied as untimely.

I. Background

On October 17, 2005, Movant entered a guilty plea in this Court to Counts One and Two of the indictment against him, charging him with: (1) conspiracy to possess with the intent to distribute at least five kilograms of a mixture and substance containing a detectable amount of cocaine; and (2) possession with intent to distribute

at least five kilograms of a mixture and substance containing a detectable amount of cocaine. [Docs. 27, 140]. Sentencing was postponed pending Movant's challenge to a prior conviction in California. [Doc. 163]. On January 19, 2007, Movant was sentenced to 240 months' imprisonment and ten years of supervised release. [Doc. 160]. Movant did not appeal his sentence to the United States Court of Appeals for the Eleventh Circuit.

On July 12, 2010, Movant filed a petition for writ of error *audita querela*, arguing that his conviction and sentence were unconstitutional under *United States v. Booker*, 543 U.S. 220 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which he argued applied "retroactively" to him. [Doc. 161]. On August 30, 2010, the Court entered an order finding that: the claim raised in Movant's *audita querela* petition was cognizable under 28 U.S.C. § 2255; the petition should be construed as a § 2255 motion; Movant was not entitled to relief under § 2255; and the one-year statute of limitations for § 2255 petitions had expired. [Doc. 163].

On May 17, 2011, Movant filed a motion to vacate under § 2255 [Doc. 165], raising claims challenging his sentence. The Government filed a response, arguing that Movant is not entitled to relief because his motion is untimely and the claims raised are procedurally barred and fail to state a claim. [Doc. 169].

2

II. Discussion

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners must file a 28 U.S.C. § 2255 motion to vacate within one year of the latest of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant argues in his reply that § 2255(f)(2) applies because a government created impediment, a deficiency in the prison law library when it converted to computerized research without proper training, prevented him from timely filing his § 2255 motion. [Doc. 170 at 3]. However, Movant's lack of legal training does not entitle him to tolling of the limitation period. *See Miller v. Florida*, 307 F. App'x

3

366, 368 (11th Cir. 2009) (holding that inmate was not entitled to equitable tolling based on close-management status that allegedly prevented him from accessing prison library or his lack of legal training). Furthermore, Movant does not allege facts indicating that he attempted to research federal habeas issues or that any lack of library materials prevented him from timely filing a § 2255 motion. *See United States v. Tharp*, Nos. 5:07CR0063, 5:11CV80335, 2011 WL 2607166, at *2 (W.D. Va. June 30, 2011) (holding that petitioner was not entitled to invoke § 2255(f)(2) where petitioner failed to show that she attempted to research federal issues, that she asked officials for access to federal legal materials, or that any specific issue raised in her motion required research of federal legal materials). Thus, he is not entitled to any statutory tolling of the limitation period under § 2255(f)(2).

The § 2255 statute of limitations began to run on the date that Movant's conviction and sentence became final. Movant's written judgment was entered on January 19, 2007, and Movant did not appeal his sentence. Thus, Movant's conviction became final on January 29, 2007, when the ten-day period for seeking appellate review expired.[1] *See* Fed. R. App. P. 4(b)(1); *Mederos v. United States*, 218

---

[1] As of December 1, 2009, a defendant has 14 days to file a notice of appeal. See Fed. R. App. P. 4(b)(1)(A).

4

F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a timely direct appeal, the conviction becomes final ten days after the district court's written judgment of conviction is entered); *see also Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005).

Movant had one year from the date his conviction became final, or until January 29, 2008, to file a motion to vacate. However, Movant did not file his motion to vacate until May 17, 2011, over three years after the limitation period expired. Because Movant's motion to vacate was filed outside the limitation period, it is untimely.

Movant argues that he is entitled to equitable tolling because he exercised diligence in pursuing relief, as evidenced by his prior *audita querela* petition. The Supreme Court has recently held that the one-year limitation period is subject to equitable tolling. *See Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549 (2010). In order to obtain equitable tolling of the AEDPA's filing deadlines, Movant must show that: (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 2562 (citation omitted). Equitable tolling is generally limited to rare and exceptional circumstances. *See Helton v. Sec'y for Dep't of Corr.*, 233 F.3d 1322, 1325 (11th Cir. 2000).

5

Movant's argument that he exercised "due diligence" fails because the limitation period had expired two years before he filed his *audita querela* petition on July 12, 2010. Movant does not allege how he was diligently pursuing his rights during the period between the time that his conviction became final and the filing of his *audita querela* petition. Accordingly, Movant is not entitled to equitable tolling.

Further, the Eleventh Circuit *may* recognize an "actual innocence" exception to the one-year limitation period. *See Milton v. Secretary, Dep't of Corr.*, 347 F. App'x 528, 530 (11th Cir. 2009). Movant contends that he is "actually innocent," apparently based on his claim that his conviction and sentence are unconstitutional under *Apprendi*. [Doc. 170 at 7-8]. A prisoner attempting to make a showing of actual innocence "must raise 'new facts' that cast 'sufficient doubt upon [his] guilt to undermine confidence in the result of a trial without the assurance that the trial was untainted by constitutional error.'" *Sibley v. Culliver*, 377 F.3d 1196, 1205 (11th Cir. 2004) (quoting *Schlup v. Delo*, 513 U.S. 298, 317 (1995)). Movant has not raised any new facts to support an actual innocence claim. Accordingly, Movant's motion is subject to dismissal.[2]

---

[2]Although Movant's motion arguably could be considered successive under 28 U.S.C. § 2244(b)(3)(A) because his *audita querela* petition was construed as a § 2255 motion, out of an abundance of caution I will only recommend dismissal of the

III. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

motion on timeliness grounds. *See Castro v. United States*, 540 U.S. 375 (2003) (holding a federal court cannot recharacterize a *pro se* litigant's motion as a first § 2255 motion unless it first informs the litigant of its intent to recharacterize, warns the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provides the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has); *see also United States v. Roberts*, 108 F. App'x 215, 215-16 (5th Cir. 2004) (granting certificate of appealability, vacating district court's denial of § 2255 motion, and remanding to the district court for consideration of the merits of the § 2255 motion, where the district court did not notify movant of its intent to treat his *audita querela* motion as a first § 2255 motion and did not afford movant the opportunity to withdraw the motion or to amend it to include all of his § 2255 claims).

7

Movant has failed to make a substantial showing of being denied a constitutional right. Movant filed his petition after expiration of the limitation period, and he has failed to show that he is entitled to any tolling of the one-year period. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

IV. Conclusion

Based on the foregoing, **I RECOMMEND** that Movant Fernando Fernandez's motion to vacate sentence [Doc. 165] be **DENIED** as untimely.

**I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 2nd day of November, 2011.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)