

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FERNANDO FERNANDEZ, Reg. # 56482-019, Movant, | CRIMINAL NO. 1:04-CR-0648-ODE-GGB-1 |
| v. | CIVIL ACTION NO. 1:11-CV-1618-ODE |
| UNITED STATES OF AMERICA, Respondent. | 28 U.S.C. § 2255 |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AS THE ORDER OF THIS COURT

This matter is before the Court on the Final Report and Recommendation ("R&R") issued by United States Magistrate Gerrilyn G. Brill [Doc. 171], and Movant's Objections thereto, [Doc. 172]. In the R&R, Magistrate Judge Brill recommends denying Movant's motion to vacate sentence under 28 U.S.C. § 2255 as untimely.

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court is obligated to conduct a *de novo* review of the portions of the R&R to which Movant has objected. The Court reviews the remainder of the R&R for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). However, where a movant does not file *specific objections* to factual findings and recommendations of the magistrate judge, this Court need not perform a *de novo*

review. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (citing inter alia Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988)).

In his objections, Movant contends that he is entitled to statutory tolling of the one-year limitation period for filing a § 2255 motion, arguing that 28 U.S.C. § 2255(f)(2) applies because a government created impediment, the removal of all law books from the law library when it converted to computerized research, prevented him from timely filing his petition. Movant also argues that he is entitled to tolling based on his trial counsel's lack of notice regarding the "filing requirements" and Movant's resulting lack of knowledge regarding those requirements.

However, Movant's arguments do not justify tolling the limitation period. Movant's lack of access to law books does not represent a government created impediment or extraordinary circumstances that would warrant tolling the limitation period. See Paulcin v. McDonough, 259 F. App'x 211, 213 (11th Cir. 2007) (holding inmate's transfer to county jail and denial of access to his legal papers and law library did not constitute extraordinary circumstances tolling the limitation period governing his habeas petition); Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000) ("The mere inability of a prisoner to access the law library is not,

2

in itself, an unconstitutional impediment."). Likewise, any lack of notice by trial counsel regarding the deadline and lack of knowledge by Movant of the requirements for filing a § 2255 motion are insufficient to justify equitable tolling. See Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (attorney negligence or mistake does not justify equitable tolling); Felder v. Johnson, 204 F.3d 168, 172-73 & n. 10 (5th Cir. 2000) (holding that ignorance of the law and pro se status are insufficient to toll the statute of limitations). Moreover, Movant does not explain how any of these alleged impediments caused him to file his motion over three years after the limitation period expired. Accordingly, Movant's objections are without merit and are overruled.

## Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Report and Recommendation over Petitioner's Objections. Movant's § 2255 motion [Doc. 165] is **DENIED** as untimely.

**IT IS FURTHER ORDERED** that a certificate of appealability be **DENIED**. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this \_\_3\_\_ day of April, 2012.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

3