**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| FERNANDO FERNANDEZ, | : | MOTION TO VACATE |
| Reg. No. 56482-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CRIMINAL NO. |
|     v. | : | 1:04-CR-648-ODE-GGB-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:14-CV-1276-ODE-GGB |

**FINAL REPORT AND RECOMMENDATION**

Movant, Fernando Fernandez, confined in the Federal Correctional

Institution in Lompoc, California, has submitted a "motion to vacate or amend

judgment obtained by fraud upon the court pursuant to Fed. Rules of Civ. Proc.

Rule 60(b) and 28 U.S.C.A." ("motion to vacate"). [Doc. 188]. The Clerk has

docketed this matter as a motion under 28 U.S.C. § 2255 to vacate, set aside or

correct sentence. The motion to vacate is presently before me for preliminary

review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the

United States District Courts. For the reasons discussed below, I recommend that

the motion to vacate be dismissed.

I.      Background

On October 17, 2005, Movant pleaded guilty to two drug offenses.  [Doc.

140].  On January 19, 2007, Movant was sentenced to 240 months of imprisonment

followed by ten years of supervised release.  [Doc. 160].  Movant did not appeal,

but he filed a petition for a writ of *audita querela*, which the Court dismissed as

improper on August 30, 2010.  [Doc. 163].  Movant then filed a § 2255 motion,

which the Court denied as untimely on April 3, 2012.  [Doc. 174].  The Eleventh

Circuit denied a certificate of appealability on October 26, 2012.  [Doc. 186 at 2].

The United States Supreme Court denied certiorari on October 7, 2013.  [Doc. 187

at 2].

Movant executed his present motion to vacate on April 22, 2014.  [Doc. 188

at 20].  Movant relies on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), in which

the Supreme Court determined that "any fact that increases [a] mandatory minimum

[sentence] is an 'element' that must be submitted to the jury."  *Alleyne*, 133 S. Ct. at

2155.  [*See id.* at 1-2, 6-8, 14].  Movant argues that his presentence investigation

report (PSR) contained "inaccurate facts" that were "unconstitutionally used at

sentencing without having been admitted by [Movant] or [found] by a jury beyond

a reasonable doubt." [*Id.* at 14-15].  Movant seeks correction of his PSR and

resentencing.  [*Id.* at 18].

II.    Discussion

Summary dismissal of a § 2255 motion is proper "[i]f it plainly appears from

the motion, any attached exhibits, and the record of prior proceedings that the

moving party is not entitled to relief . . . ."  28 U.S.C. foll. § 2255, Rule 4(b).

Unless the Court of Appeals authorizes a second or successive § 2255 motion, the

District Court lacks jurisdiction to consider such a motion.  *See* 28 U.S.C.

§§ 2244(b)(3)(A) & 2255(h); *Farris v. United States*, 333 F.3d 1211, 1216 (11th

Cir. 2003) (per curiam).

Federal Rule of Civil Procedure 60(b), which outlines the grounds for relief

from a final judgment, order or proceeding, may not be used to circumvent the

restriction on second or successive § 2255 motions.  *Gilbert v. United States*, 640

F.3d 1293, 1323 (11th Cir. 2011) (en banc).  A Rule 60(b) motion that "add[s] a

new ground for relief or attack[s] the federal court's previous rejection of a claim

on the merits" must be treated as a second or successive § 2255 motion.  *Id.*

(applying *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).  A Rule 60(b) motion

that "attacks some defect in the integrity of the federal habeas proceedings is not

barred." *Id.* (quoting *Gonzalez*, 545 U.S. at 532) (internal quotation marks omitted). "Fraud on the federal habeas court is one example of such a defect." *Gonzalez*, 545 U.S. at 532 n.5.

In the present case, the motion to vacate, brought under Rule 60(b), adds a new ground for relief based on *Alleyne*. Movant does not claim that there were any defects in the integrity of the federal habeas proceedings. Although Movant characterizes his PSR as fraudulent, the PSR was used at sentencing, not during the federal habeas proceedings. Movant's petition for a writ of *audita querela* was dismissed as improper and his first § 2255 motion was denied as untimely. Therefore, the present motion to vacate must be treated as a second or successive § 2255 motion. Because Movant has not obtained authorization from the Eleventh Circuit to file a second or successive § 2255 motion, the District Court lacks jurisdiction to consider it.

III.   Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.

4

§ 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue

"only if the applicant has made a substantial showing of the denial of a

constitutional right." A substantial showing of the denial of a constitutional right

"includes showing that reasonable jurists could debate whether (or, for that matter,

agree that) the [motion] should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed further."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside or correct
> a sentence] on procedural grounds without reaching the prisoner's
> underlying constitutional claim . . . a certificate of appealability should
> issue only when the prisoner shows both that jurists of reason would
> find it debatable whether the [motion] states a valid claim of the denial
> of a constitutional right *and* that jurists of reason would find it
> debatable whether the district court was correct in its procedural
> ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at

484) (internal quotation marks omitted).

A COA should be denied because it is not debatable that the motion to vacate

is a second or successive § 2255 motion, and Movant has not obtained authorization

from the Eleventh Circuit to file such a motion. If the Court adopts this

recommendation and denies a COA, Movant is advised that he "may not appeal the

5

denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

IV.   Conclusion

Based on the foregoing, I **RECOMMEND** that the motion to vacate [Doc. 188] be **DISMISSED** and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to me.

**IT IS SO RECOMMENDED**, this  29th  day of  May , 2014.


_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

6

AO 72A
(Rev.8/82)